**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| JUSTIN FERGUSON,<br><br>Plaintiff,<br>v.<br><br>COLLECTION MANAGEMENT COMPANY<br><br>&<br><br>NRA GROUP, LLC D/B/A NATIONAL RECOVERY AGENCY, LLC<br><br>&<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>&<br><br>TRANS UNION, LLC<br><br>Defendants. | ) | **COMPLAINT**<br><br>Case No: 6:26-cv-108<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT AND JURY DEMAND</u>**

COMES NOW, Plaintiff Justin Ferguson, by and through the undersigned counsel, and for his Complaint against Defendants Collection Management Company ("CMCC"), NRA Group, LLC d/b/a National Recovery Agency, LLC ("NRA"), Experian Information Solutions, Inc. ("EXP"), and Trans Union, LLC ("TU"), (and together collectively, "Defendants") for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), states as follows:

**<u>JURISDICTION</u>**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because Plaintiff resides here, the acts and transactions occurred here, and CMCC, NRA, EXP, and TU, transact business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Kilgore, a part of Gregg County, Texas 75662.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Kilgore, a part of Gregg County, Texas 75662, making the Tyler Division a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant CMC, a corporation headquartered in Pittsburgh, PA, practices as a debt collector throughout the country, including Texas.

8. Defendant NRA, a corporation headquartered in Harrisburg, PA, practices as a debt collector throughout the country, including Texas.

9. Defendants CMC and NRA attempt to collect alleged debts throughout the state of Texas, including in Kilgore city and Gregg County.

10. Defendants CMC and NRA have actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed themselves to the jurisdiction in which Plaintiff resided.

11. Defendants CMC and NRA have sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Kilgore city and Gregg County and Defendants attempt to collect alleged debts throughout the state of Texas.

12. Defendants CMC and NRA knowingly attempted to collect on debts allegedly incurred in Kilgore, Texas and thus have sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

13. Defendant EXP serves as a credit reporting agency of consumer credit throughout the state of Texas, including in Kilgore city and Gregg County.

14. Defendant EXP has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant EXP purposefully availed itself to the jurisdiction in which Plaintiff resided.

15. Defendant EXP knowingly reported information regarding a Plaintiff domiciled in Kilgore, Texas and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(1).

16. Defendant TU serves as a credit reporting agency of consumer credit throughout the state of Texas, including in Kilgore city and Gregg County.

17. Defendant TU has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant TU purposefully availed itself to the jurisdiction in which Plaintiff resided.

18. Defendant TU has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Kilgore city and Gregg County.

19. Defendant TU knowingly reported information regarding a Plaintiff domiciled in Kilgore, Texas and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

20. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

21. CMC and NRA's collection activities violated the FDCPA.

22. Defendants' credit reporting and/or failure to properly dispute information violated the FCRA.

23. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

24. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied her the right to information due to her under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

25. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

26. Plaintiff, Justin Ferguson (hereafter "Plaintiff"), is a natural person currently residing in Gregg County, in the state of Texas.

27. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

28. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

29. Defendant CMC is a corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal address at 661 Anderson Dr, Suite 110, Pittsburgh, PA 15220.

30. Defendant NRA is a corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal address at 2491 Paxton Street, Harrisburg, PA 17111.

31. CMC and NRA are each engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

32. CMC and NRA regularly collect or attempt to collect defaulted consumer debts due or asserted to be due another, and are each a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

33. Defendant EXP is a corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

34. Defendant TU is a corporation with its principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

35. Defendants CMC and NRA are each a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

36. EXP and TU, are each a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). EXP and TU regularly engage in the business of compiling and maintaining files on consumers on a nationwide basis for the

purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

37. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to creditors other than CMC and NRA.

38. On a date better known by CMC, CMC began to attempt to collect an alleged consumer debt from the Plaintiff.

39. The alleged debt was said to be owed to Acute Care Specialist PLLC.

40. That this alleged debt would only have been incurred for a personal line of credit and would have been only for personal or family purposes.

41. That this alleged account would have only been used for personal, family, or household purposes and would thus be a consumer debt.

42. The reporting of the alleged debt is inaccurate in that it is incomplete to the extent of being misleading to Plaintiff.

43. The reporting of the alleged debt contains inaccurate dispute information.

44. That CMC was reporting the collection account on Plaintiff's credit report with EXP.

45. That CMC was voluntarily reporting the alleged collection account on Plaintiff's credit report with the credit reporting agencies.

46. CMC's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

47. On or about 01/22/25, Plaintiff sent dispute letters via USPS mail to EXP notifying the account with CMC as disputed.

48. These letters provided notice of the inaccurate reporting to EXP.

49. Once EXP received notice of these letters, they were required to provide notice of such disputes and request for re-investigation to the furnisher, in this case CMC.

50. EXP received the letters sent by Plaintiff.

51. EXP transmitted notice of these disputes to CMC via an Automated Credit Dispute Verification form ("ACDV").

52. CMC was required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.

53. Alternatively, EXP negligently failed to send notice of the disputes to CMC after receiving notice of the disputes from Plaintiff.

54. Alternatively, EXP willfully failed to send notice of the disputes to CMC after receiving notice of the disputes from Plaintiff.

55. After receiving this notice, in any subsequent voluntary reporting, CMC must then include the dispute notation on said account.

56. On or about 04/03/25, Plaintiff received an updated credit file from EXP.

57. That the credit report was updated on 04/03/25 by CMC.

58. That the updated 04/03/25 credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by EXP, and transmitted to CMC.

59. Alternatively, that the updated 04/03/25 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by EXP after EXP failed to notify CMC.

60. EXP failed to properly reinvestigate Plaintiff's dispute.

61. As a result of EXP's failure to reinvestigate, the updated 04/03/25 credit report contained inaccurate information.

62. EXP failed to follow reasonable procedures to ensure maximum accuracy by not sending Plaintiff's dispute to the furnisher after it received the dispute directly from Plaintiff.

63. The inaccurate reporting caused Plaintiff to be subjected to higher interest rates on lines of credit.

64. The inaccurate reporting caused Plaintiff to be subjected to a credit denial.

65. The inaccurate reporting caused Plaintiff to be subjected to loss of credit opportunity.

66. That the updated 04/03/25 credit report did not contain updated marked as disputed information.

67. The updated 04/03/25 credit report contained inaccurate information.

68. CMC failed to properly investigate or otherwise verify Plaintiff's dispute before voluntarily re-reporting the alleged debt.

69. EXP failed to follow reasonable procedures to ensure maximum possible accuracy in the reporting of Plaintiff's credit.

70. CMC must have voluntarily updated the Plaintiff's alleged account by communicating with EXP.

71. That CMC furnished information to EXP regarding Plaintiff's account without notifying them the account had been disputed by consumer, even after receiving notice by EXP of the disputes.

72. That CMC failed to update the account information and mark the account as disputed on the updated 04/03/25 credit report after Plaintiff disputed the account on 01/22/25 and was given notice of such by EXP.

73. In the alternative, if CMC properly updated the account information and marked the account as disputed with EXP after receiving notification of disputes from Plaintiff, then EXP failed to update the account information and mark the account as disputed on the updated 04/03/25 credit report.

74. That CMC never properly updated the account information or marked the account as disputed even after receiving information of the disputes from EXP.

75. Alternatively, EXP never updated the account information and marked the account as disputed even after receiving information of the dispute remark from CMC in its subsequent voluntary reporting or via a response to an Automated Credit Dispute Verification ("ACDV") request.

76. On a date better known by NRA, NRA began to attempt to collect an alleged consumer debt from the Plaintiff.

77. The alleged debt was said to be owed to AEP Southwestern Electric PO.

78. That this alleged debt would only have been incurred for a personal line of credit and would have been only for personal or family purposes.

79. That this alleged account would have only been used for personal, family, or household purposes and would thus be a consumer debt.

80. The reporting of the alleged debt is inaccurate in that it is incomplete to the extent of being misleading to Plaintiff.

81. The reporting of the alleged debt contains inaccurate dispute information.

82. That NRA was reporting the collection account on Plaintiff's credit report with EXP and TU.

83. That NRA was voluntarily reporting the alleged collection account on Plaintiff's credit report with the credit reporting agencies.

84. NRA's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

85. On or about 01/22/25, Plaintiff sent dispute letters via USPS mail to EXP and TU notifying the account with NRA as disputed.

86. These letters provided notice of the inaccurate reporting to EXP and TU.

87. Once EXP and TU received notice of these letters, they were required to provide notice of such disputes and request for re-investigation to the furnisher, in this case NRA.

88. EXP and TU received the letters sent by Plaintiff.

89. EXP and TU transmitted notice of these disputes to NRA via an Automated Credit Dispute Verification form ("ACDV").

90. NRA was required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.

91. Alternatively, EXP and TU negligently failed to send notice of the disputes to NRA after receiving notice of the disputes from Plaintiff.

92. Alternatively, EXP and TU willfully failed to send notice of the disputes to NRA after receiving notice of the disputes from Plaintiff.

93. After receiving this notice, in any subsequent voluntary reporting, NRA must then include the dispute notation on said account.

94. On or about 04/05/25, Plaintiff received an updated credit file from EXP.

95. That the credit report was updated on 04/05/25 by NRA.

96. That the updated 04/05/25 credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by EXP, and transmitted to NRA.

97. Alternatively, that the updated 04/05/25 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by EXP after EXP failed to notify NRA.

98. EXP failed to properly reinvestigate Plaintiff's dispute.

99. As a result of EXP's failure to reinvestigate, the updated 04/05/25 credit report contained inaccurate information.

100. EXP failed to follow reasonable procedures to ensure maximum accuracy by not sending Plaintiff's dispute to the furnisher after it received the dispute directly from Plaintiff.

101. The inaccurate reporting caused Plaintiff to be subjected to higher interest rates on lines of credit.

102. The inaccurate reporting caused Plaintiff to be subjected to a credit denial.

103. The inaccurate reporting caused Plaintiff to be subjected to loss of credit opportunity.

104. On or about 03/01/25, Plaintiff received an updated credit file from TU.

105. That the credit report was updated on 03/01/25 by NRA.

106. That the updated 03/01/25 credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by TU, and transmitted to NRA.

107. Alternatively, that the updated 03/01/25 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by TU after TU failed to notify NRA.

108. TU failed to properly reinvestigate Plaintiff's dispute.

109. As a result of TU's failure to reinvestigate, the updated v credit report contained inaccurate information.

110. TU failed to follow reasonable procedures to ensure maximum accuracy by not sending Plaintiff's dispute to the furnisher after it received the dispute directly from Plaintiff.

111. The inaccurate reporting caused Plaintiff to be subjected to higher interest rates on lines of credit.

112. The inaccurate reporting caused Plaintiff to be subjected to a credit denial.

113. The inaccurate reporting caused Plaintiff to be subjected to loss of credit opportunity.

114. That the updated 03/01/25 and 04/05/25 credit report did not contain updated marked as disputed information.

115. The updated 03/01/25 and 04/05/25 credit report contained inaccurate information.

116. NRA failed to properly investigate or otherwise verify Plaintiff's dispute before voluntarily re-reporting the alleged debt.

117. EXP and TU failed to follow reasonable procedures to ensure maximum possible accuracy in the reporting of Plaintiff's credit.

118. NRA must have voluntarily updated the Plaintiff's alleged account by communicating with EXP and TU.

119. That NRA furnished information to EXP and TU regarding Plaintiff's account without notifying them the account had been disputed by consumer, even after receiving notice by EXP and TU of the disputes.

120. That NRA failed to update the account information and mark the account as disputed on the updated 03/01/25 and 04/05/25 credit report after Plaintiff disputed the account on 01/22/25 and was given notice of such by EXP and TU.

121. In the alternative, if NRA properly updated the account information and marked the account as disputed with EXP and TU after receiving notification of disputes from Plaintiff, then EXP and TU failed to update the account information and mark the account as disputed on the updated 03/01/25 and 04/05/25 credit report.

122. That NRA never properly updated the account information or marked the account as disputed even after receiving information of the disputes from EXP and TU.

123. Alternatively, EXP and TU never updated the account information and marked the account as disputed even after receiving information of the dispute remark from NRA in its subsequent voluntary reporting or via a response to an Automated Credit Dispute Verification ("ACDV") request.

124. All of CMC and NRA's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

125. All of Defendants' actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

126. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the CMCC, NRA, and/or EXP and TU.

127. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by CMCC, NRA, and/or EXP and TU.

128. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by CMCC, NRA, and/or EXP and TU.

129. Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

130. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of CMCC, NRA, and/or EXP and TU.

131. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

132. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

133. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

134. That because Plaintiff disputed the debt, CMC and NRA, when choosing to contact the consumer reporting agencies, were obligated to inform them of the disputed status of the accounts. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

135. CMC and NRA used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debts were disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

136. CMC and NRA's collection communications are to be interpreted under the "least

sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

137. CMC and NRA violated the Plaintiff's right not to be the target of misleading debt collection communications.

138. CMC and NRA violated the Plaintiff's right to a truthful and fair debt collection process.

139. CMC and NRA's communications with Plaintiff were deceptive and misleading.

140. CMC and NRA used unfair and unconscionable means to attempt to collect the alleged debt.

141. CMC and NRA's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to CMC and NRA's collection efforts.

142. CMC and NRA's failure to mark debts as disputed they know or should know are disputed violates § 1692e, 1692e(8) of the FDCPA.

143. CMC and NRA's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding his situation.

144. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

145. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners

contemplated by Congress when it passed the FDCPA because of CMC and NRA's conduct.

146. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. CMC and NRA's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

147. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

148. Defendants CMC and NRA's violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Justin Ferguson, prays that this Court:

A. Declare that CMC and NRA's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Justin Ferguson, and against CMC and NRA for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse**

149. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

150. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

151. CMC and NRA's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

152. CMC and NRA attempted to coerce Plaintiff into paying alleged debts his otherwise would not have paid by submitting false and inaccurate information to his credit report.

153. CMC and NRA could have no other purpose in doing this except to harm Plaintiff's reputation and deprive him of his ability to receive any type of credit line unless he paid the alleged debts.

154. Defendants CMC and NRA's violation of § 1692d of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Justin Ferguson, prays that this Court:

A. Declare that CMC and NRA's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Justin Ferguson, and against CMC and NRA for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**COUNT III: Violations Of § 1692f Of The FDCPA – Misleading Representations & Unfair Practices**

155. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

156. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

157. CMC and NRA attempted to collect debts by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

158. CMC and NRA used unfair and unconscionable means to attempt to collect the alleged debts.

159. CMC and NRA's violation of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Justin Ferguson, prays that this Court:

A. Declare that CMC and NRA's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Justin Ferguson, and against CMC and NRA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count IV: Violation Of 15 U.S.C. § 1681e(b) of the FCRA-Reinvestigations of Disputed Information**

160. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

161. Plaintiff's credit report contained inaccurate information as it did not include a dispute notation even after Plaintiff disputed the accounts directly with EXP and TU.

162. EXP and TU failed to follow reasonable procedures to keep Plaintiff's credit file accurate by including incomplete information on Plaintiff's credit file; EXP and TU failed to send notice of the disputes received from Plaintiff to the furnishers as required, and EXP and failed to update Plaintiff's credit file to ensure accuracy; EXP and TU violated 15 U.S.C. 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

163. As a result of this conduct, action and inaction of EXP and TU, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

164. EXP and TU's conduct, action, and inaction were willful, rendering them liable for statutory damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

165. Due to EXP and TU's conduct, Plaintiff is entitled to recovery costs and attorney's fees from EXP and TU in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Justin Ferguson, prays that this Court:

A. Declare that EXP and TU's credit reporting actions violate the FCRA;

B. For EXP and TU's willful violations, enter judgment in favor of Plaintiff Justin Ferguson, and against EXP and TU, for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. For EXP and TU's negligent violations, enter judgment in favor of Plaintiff Justin Ferguson, and against EXP and TU, for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

D. Or, in the alternative, enter judgment in favor of Plaintiff Justin Ferguson, and against EXP and TU, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

E. Grant other such further relief as deemed just and proper.

## Count V: Violation Of 15 U.S.C. § 1681i of the FCRA-Reinvestigations of Disputed Information

148. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

149. EXP and TU were reporting inaccurate and incomplete information on Plaintiff's credit report.

150. EXP and TU's inaccurate and incomplete reporting of Plaintiff's credit file is misleading to the extent that it can adversely impact Plaintiff's credit decisions.

151. Plaintiff disputed the accuracy of his credit report directly with EXP and TU via dispute letters sent through USPS.

152. Defendants EXP and TU violated 15 U.S.C. § 1681 after failing to conduct lawful reinvestigations of Plaintiff's disputes and provide the furnishers with notice of Plaintiff's dispute.

153. EXP and TU failed to report the status of the disputed accounts as disputed or delete the inaccuracy from Plaintiff's credit report after receiving notice of the disputes directly from Plaintiff.

154. Defendants EXP and TU willfully or negligently violated 15 U.S.C. § 1681i by failing to forward all relevant information to CMC and NRA; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable; and by publishing inaccurate information.

155. As a result of this conduct, action and inaction of EXP and TU, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

156. EXP and TU's conduct, action and inaction were willful, rendering them liable for actual or statutory damages in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n. In the alternative, they were negligent entitling the Plaintiff to recovery actual damages under 15 U.S.C. § 1681o.

157. The Plaintiff is entitled to recovery costs and attorney's fees from EXP and TU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Justin Ferguson prays that this Court:

A. Declare that EXP and TU's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Justin Ferguson, and against EXP and TU, for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Justin Ferguson, and against EXP and TU, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

**Count VI: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute**

166. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

167. Defendants CMC and NRA violated 15 U.S.C. § 1681s-2(b) by continuing to report the CMC and NRA representations within Plaintiff's credit file with EXP and TU without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the CMC and NRA representations; by failing to review all relevant information regarding same; by failing to accurately respond to CMC and NRA; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and

lawfully correct its own internal records to prevent the re-reporting of the CMC and NRA representations to the consumer reporting agencies.

168. As a result of this conduct, action and inaction of CMC and NRA, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

169. Defendants CMC and NRA's conduct, action and inaction were willful, rendering them liable for actual or statutory damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

170. Plaintiff is entitled to recover costs and attorney's fees from CMC and NRA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Justin Ferguson, prays that this Court:

A. Declare that CMC and NRA's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Justin Ferguson, and against CMC and NRA for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Justin Ferguson, and against CMC and NRA, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

## JURY DEMAND

171. Plaintiff demands a trial by jury on all Counts so triable.

Dated: February 24, 2026

Respectfully Submitted,

**HALVORSEN KLOTE DAVIS**

By: /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
joel@hkdlawstl.com
*Attorneys for Plaintiff*